UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yu Hin Chan, | ) C/A No. 2:25-cv-10356-BHH-MHC |
|           Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Re/Max, Kevin C. McClanahan, Karen May Bacdayan, Shantonu Basu, Carmen A. Pacheco, Dawn Hill-Kearse, | ) |
|           Defendants. | ) |

This is a civil action filed by Plaintiff Yu Hin Chan, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form Order entered September 11, 2025, Plaintiff was directed to file certain documents to bring his case into proper form. He was also advised of material deficiencies in his Complaint and given the opportunity to file an amended complaint. ECF No. 4. Plaintiff has not filed the documents necessary to bring his case into proper form, and he did not file an amended complaint.

**I.    BACKGROUND**

Plaintiff's entire statement of his claim is that:

1. The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,

2. Defendant Re/Max, Kevin C. McClanahan, Karen May Bacdayan, Carmen A. Pacheco, Dawn Hill-Kearse, and Shantanu Basu conspired together in forging the record that Plaintiff filed an Answer to a Court case but truth being Plaintiff never did,

3. This court has jurisdiction under the RICO Act.

ECF No. 1 at 1 (errors in original). He requests "$1 Billion against all Defendants. *Id.* at 2.

## II.     STANDARD OF REVIEW

This case is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining

pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.    DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.    Lack of Venue

This action should be dismissed for lack of venue. "Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, the district court has the power to consider sua sponte whether venue is proper." *Strong v. United States*, No. 8:24-CV-4935-RMG, 2024 WL 4891234, at *2 (D.S.C. Nov. 26, 2024) (internal citations omitted) (citing *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986); *Harmon v. Sussex Cnty.*, C/A No. 4:17-cv-2931-RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *report and recommendation adopted*, No. 4:17-cv-02931-RBH, 2017 WL 6498165 (D.S.C. Dec. 19, 2017).[1] In general, venue is only proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). There is no indication that it is in the interest of justice to transfer this case.

3

Review of the Complaint reveals that Plaintiff has provided no facts to indicate that the District of South Carolina satisfies any of the subsections of 28 U.S.C. § 1391(b) for venue to be proper in this district. Plaintiff has provided no addresses or information to indicate the citizenship of Defendants. However, many of the Defendants appear to be involved in the New York State Unified Court System and thus they appear to be citizens of New York. *See* Judges of the Civil Court of the City of New York, New York State Unified Court System, https://ww2.nycourts.gov/courts/nyc/civil/profiles.shtml (last visited Oct. 21, 2025) (listing McClanahan, Bacdayan, and Basu as judges in Brooklyn Housing Court and Pacheco as a judge in Brooklyn Civil Court); Kings County Administration, New York State Unified Court System, https://ww2.nycourts.gov/courts/nyc/smallclaims/adminkingsciv.shtml (last visited Oct. 21, 2025) (listing Hill-Kearse as the Clerk of Kings County Civil Court).[2]

Plaintiff has also provided no facts to indicate that "a substantial part of the events or omissions giving rise to the claim occurred" in South Carolina or that "a substantial part of property that is the subject of this action" is situated in South Carolina. Plaintiff appears to reside in Brooklyn, New York. *See* ECF No. 1-1. It appears that the alleged events occurred in New York and any property that is the subject of this action is situated in New York.

Nor has Plaintiff alleged any facts indicating a basis for the District Court of the District of South Carolina to obtain personal jurisdiction over any of the Defendants. *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012) (noting that the plaintiff has the burden to make the prima facie showing of a basis for personal jurisdiction over defendants). Therefore,

---

[2] A federal court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009). Further, this Court "may properly take judicial notice of matters of public record." *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

4

Plaintiff has not met the venue requirements of § 1391(b) and this action should be summarily dismissed.

B.  Failure to State a Claim

The pleadings fail to provide any specific facts to support a claim that Defendants violated Plaintiff's federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion"). Plaintiff generally alleges that Defendants conspired to forge a court record (ECF No. 1 at 1), but he fails to allege what actions each Defendant allegedly took. Thus, Plaintiff's claims are subject to summary dismissal for his failure to state a claim.

Plaintiff appears to be attempting to assert a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. "RICO provides a private right of action for treble damages to persons injured in their business or property as a result of violation of RICO's criminal prohibitions contained in 18 U.S.C. § 1962." *Goodrow v. Friedman & MacFadyen, P.A.*, No. 3:11-cv-20, 2012 WL 6725617, at *9 (E.D. Va. Dec. 27, 2012) (citing 18 U.S.C. § 1964(c)). To state a RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *Whitney, Bradley & Brown, Inc. v.*

*Kammermann*, 436 F. App'x 257, 258 (4th Cir. 2011) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). A plaintiff must also plead that he was injured in his business or property "by reason of" the RICO violation. *See Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 6 (2010); *Goodrow*, 2012 WL 6725617, at *10. Although Plaintiff references RICO as a basis for federal question jurisdiction (ECF No. 1 at 1), he has not alleged any facts to state a claim under this statute.

C.     Judicial Immunity

Defendants McClanahan, Bacdayan, Basu, and Pacheco also are subject to summary dismissal because, based upon the facts alleged, these judges are entitled to judicial immunity. It is well settled that judges have immunity from claims arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356–57. Judicial immunity is not pierced by allegations of corruption or bad faith. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles*, 502 U.S. at 11.

D.     Quasi-Judicial Immunity

As noted above, Defendant Hill-Kearse appears to be a clerk of court. She is subject to

6

summary dismissal because she is entitled to quasi-judicial immunity. *See Briscoe v. LaHue,* 460 U.S. 325, 334–35 (1983) (noting that quasi-judicial immunity is accorded to individuals who play an integral part in judicial process); *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (finding clerk's office employees, acting as a judge's designee, are entitled to quasi-judicial immunity); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir.1988) (holding that clerks of court are immune from damages arising from acts they are "specifically required to do under court order at a judge's direction") (internal citations omitted)

E.     Failure to Bring Case into Proper Form

Finally, Plaintiff has failed to bring this case into proper form. In the Proper Form Order, Plaintiff was directed to bring his case into proper form by providing certain documents (a completed summons form listing every named Defendant, a completed and signed Form USM-285 for each named Defendant, and a fully completed and signed pro se party's answers to Local Civil Rule 26.01 (D.S.C.) interrogatories form). ECF No. 4.

Plaintiff failed to provide the necessary documents to bring his case into proper form. The time for Plaintiff to bring this case into proper form has passed, and he has failed to provide all of the required proper form documents. Plaintiff was specifically warned (ECF No. 4) that the failure to provide the necessary information within the timetable set forth in the Proper Form Order would subject the case to dismissal. *See* Fed. R. Civ. P. 41. Thus, in the alternative, it is recommended that this action be dismissed without prejudice in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[3] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

October 22, 2025
Charleston, South Carolina

---

[3] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).