IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yu Hin Chan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:25-cv-10356-BHH |
| v. ) | |
| ) | **ORDER** |
| Re/Max, Kevin C. McClanahan, Karen ) | |
| May Bacdayan, Shantonu Basu, ) | |
| Carmen A. Pacheco, Dawn Hill-Kearse, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Yu Hin Chan's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 11, 2025, the Magistrate Judge issued a proper form order instructing Plaintiff to file certain documents to bring his case into proper form and giving Plaintiff the opportunity to amend his complaint to fix certain outlined deficiencies. (ECF No. 4.) When Plaintiff failed to file anything in response to the proper form order, the Magistrate Judge issued a report and recommendation ("Report") on October 22, 2025, outlining the issues and recommending that the Court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 8.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8), and the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

November 10, 2025
Charleston, South Carolina